Dear Mr. Monier and Ms. Horn:
You have both requested the opinion of this office as to the legality of the proposed Coalition of Coastal Parishes Mutual Aid Agreement (the "Agreement"). Because your requests ask that we address similar issues, we have combined our response under one Opinion Number.
The specific issues raised by your requests are whether a parish government can enter into the Agreement and whether public funds can be transferred from one parish to another pursuant to the Agreement.
Parish governments are authorized by statute to enter into agreements with other parishes for civil defense and disaster relief. LSA-R.S. 29:608B provides:
 The governing authorities of any two or more parishes may enter into agreements, under which they shall be authorized to establish regional organizations for civil defense in accordance with the state civil defense plan and program. Such agreements shall include plans, program, administration, personnel, unified operation, allotment of available equipment, and distribution of costs and funds in proportion to the population of each parish which is party to the agreement.
Similar authority is found in the Louisiana Disaster Act of 1974. LSA-R.S. 29:709B provides:
 Each parish shall maintain a disaster agency or participate in a local or interjurisdictional disaster agency which, except as otherwise provided under this Chapter, has jurisdiction over and serves the entire parish.
LSA-R.S. 29:713 specifically speaks to mutual aid provisions:
 Political subdivisions not participating in interjurisdictional arrangements pursuant to this Act nevertheless shall be encouraged and assisted by the department of civil defense and emergency preparedness to conclude suitable arrangements for furnishing mutual aid in coping with disasters. The arrangements shall include provision of aid by persons and units in public employ.
The validity of the Agreement does not by itself settle the issue of whether funds can be transferred among Coalition parishes for disaster relief purposes. The transfer of funds between political subdivisions is governed by Article VII, Sec.14 of the Louisiana Constitution. Sec. 14(A) prohibits the loan, pledge, or donation of public funds by one political subdivision to another. The question is whether this prohibition applies to the transfer of funds contemplated by the Agreement.
Article VII, Sec. 14(C) authorizes political subdivisions to engage in cooperative endeavors for public purposes. This provision, however, does not create an exception to the prohibition against the loan or donation of public funds. "[E]ven if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions . . . merely for a public purpose." City of Port Allen v. Louisiana Mun. Risk, 439 So.2d 399, 402 (La. 1983).
Article VI, Sec. 20 of the Louisiana Constitution permits political subdivisions to "exercise and perform any authorized power and function, including financing, jointly or in cooperation with one or more political subdivisions . . ." This section, however, should not be read as an exception to the prohibition against loans and donations between political subdivisions. Op. Atty. Gen. 91-313.
The second clause of the Agreement resolution seems to refer to the Louisiana Local Services Law as authority for the transfer of assets among Coalition parishes. LSA-R.S. 33:1324 provides:
 Any parish, municipality, or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof . . .
The Coalition's reliance on this statute as authorization for the transfer of public funds is somewhat misplaced. In Attorney General Opinion 91-313, this office opined that LSA-R.S. 33:1324
could not be applied as an exception to Article VII, Sec. 14(A) of the Louisiana Constitution.
However, although there is no statutory exception to Art. VII, Sec. 14(A) which would authorize the transfer of funds among parishes under the proposed agreement, we nevertheless believe that such a transfer would be authorized by law. The transfer of funds and assets among Coalition parishes is analogous to the situation in Guste v. Nicholls College Foundation, 564 So.2d 682
(La. 1990). In Guste, the court held that a transfer of public funds by a public body in furtherance of its constitutional and legal duties would not be an impermissible donation prohibited by Art. VII, Sec. 14(A). Parishes clearly have a legal duty under the Civil Defense Agency Act and the Louisiana Disaster Act to engage in mutual aid activity with other parishes. Therefore, a transfer of public funds between Coalition parishes for the purpose of providing mutual aid in disaster situations would be in accordance with statutory authority as well as constitutional.
You are correct in your assumption that a parish which has responded to another parish's request may be reimbursed by the parish making the request. LSA-R.S. 14:329.6E provides for the reimbursement of parishes furnishing law enforcement, fire protection, equipment and apparatus during states of emergency:
 The political subdivision receiving such aid shall reimburse the cost thereof to the other political subdivision which furnished the aid, including the cost of compensation of personnel, expenses incurred by reason of the injury or death of any such personnel while rendering such aid, expenses of furnishing equipment and apparatus, compensation for damages to or loss of equipment or apparatus while in service outside the territory of its regular use, and such other reasonable expenses as may be incurred by any such political subdivision furnishing such aid.
We trust this adequately responds to your inquiry. If we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv 316n